UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

SCOTT SCHERMITZLER,

      Plaintiff,

    v.                                Case Number: 20-C-236

ALLISON SWANSON and
VILLAGE OF ASHWAUBENON,

      Defendants.

---

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

---

Defendants, Allison Swanson and Village of Ashwaubenon, through counsel, Town Counsel Law & Litigation, LLC, answer the Complaint of Scott Schermitzler dated February 14, 2020, and served upon the defendants the same day, as follows:

1.      Admit paragraph 1.

2.      Admit paragraph 2.

3.      Admit paragraph 3.

4.      Paragraph 4 does not contain allegations which require a response. The Defendants deny the Plaintiff has meritorious claims arising out of the Family Medical Leave Act, Americans with Disabilities Act, Civil Rights Act of 1871, or Wisconsin common law.

5.      Paragraph 5 does not contain allegations which require a response. The Defendants deny the Plaintiff has meritorious claims arising out of the Family Medical Leave Act, Americans with Disabilities Act, and Civil Rights Act of 1871.

6.      Admit paragraph 6.

7.      Admit paragraph 7.

Case 1:20-cv-00236-WCG   Filed 03/06/20   Page 1 of 16   Document 7

8.     Defendants lack information or knowledge sufficient to form a belief as to whether the Plaintiff exhausted all administrative prerequisites to this action and, therefore, deny the same. Admit remaining allegations in paragraph 8.

9.     Admit paragraph 9.

10.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the matters asserted in paragraph 10 and, therefore, deny the same.

11.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the matters asserted in paragraph 11 and, therefore, deny the same.

12.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the matters asserted in paragraph 12 and, therefore, deny the same.

13.     Admit paragraph 13.

14.     Admit paragraph 14.

15.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 and, therefore, deny the same.

16.     Defendants admit that Plaintiff's request for FMLA was initially denied due to lack of sufficient information from the Plaintiff.  Defendants deny the remaining allegations in paragraph 16.

17.     Deny paragraph 17.

18.     Admit that the Plaintiff is "unfit for duty" as a public safety officer.  Defendants deny the remaining allegations in paragraph 18.

19.     Deny paragraph 19.

**FMLA CLAIMS**

20.     Admit paragraph 20.

21.     Plaintiff's Complaint inadvertently omits paragraph 21, therefore requiring no response.

22.     Admit paragraph 22.

23.     Defendants reincorporate as if fully set forth all admissions and denials of paragraphs 1-22 of this Answer.

24.     Deny paragraph 24 and all subparts (a-j).

25.     Deny paragraph 25.

26.     Defendants reincorporate as if fully set forth all admissions and denials of paragraphs 1-25 of this Answer.

27.     Deny paragraph 27. Defendants' responses to paragraph 27 subparts are as follows:

a.     Deny subparagraph (a).

b.     Deny subparagraph (b).

c.     Admit Defendants sent Plaintiff a letter dated October 8, 2018 indicating they needed additional information in order to approve FMLA request. Deny remaining allegations in subparagraph (c).

d.     Defendants assert that detailed requests for additional information regarding the Plaintiff were sent to his doctor on October 11, 2018. Deny remaining allegations in subparagraph (d).

e.     Admit Defendants stated they would contact Plaintiff's doctor directly in October 8, 2018 letter. Deny remaining allegations in subparagraph (e).

f.     Admit on October 14, 2018 Chief Eric Dunning emailed Plaintiff after seeing him at a volunteer Public Safety event. Admit the October 14, 2018 email indicated that Plaintiff was "not to participate in off duty Public Safety activities such as training,

3

public education, and public relations events" while he was out on leave. Deny remaining allegations contained in subparagraph (f).

g. Admit on October 14, 2018 Chief Eric Dunning emailed Plaintiff after seeing him at a volunteer Public Safety event. Admit the October 14, 2018 email indicated that Plaintiff was "not to participate in off duty Public Safety activities such as training, public education, and public relations events" while he was out on leave. Deny remaining allegations contained in subparagraph (g).

h. Deny subparagraph (h).

i. Admit Defendants sent letter on October 11, 2018 to Plaintiff's doctor. Deny remaining allegations in subparagraph (i).

j. Deny subparagraph (j).

k. Deny subparagraph (k).

l. Deny subparagraph (l).

m. Defendants assert that Plaintiff's FMLA request was denied on October 24, 2018 through written letter. Deny remaining allegations contained in subparagraph (m).

n. Admit that Dr. Meves called Ms. Swanson unsolicited on October 22, 2018. Deny remaining allegations in subparagraph (n).

o. Deny subparagraph (o).

p. Defendants assert that Plaintiff's FMLA request was denied on October 24, 2018 through written letter. Defendants further assert that Plaintiff indicated he was unable to perform light duty at this time. Deny remaining allegations in subparagraph (p).

q. Admit Plaintiff's FMLA request was denied on October 24, 2018. Deny remaining allegations in subparagraph (q).

4

r.  Admit Plaintiff sent letter to Defendants on October 25, 2018 seeking explanation of why his FMLA request was denied. Admit Plaintiff sent an email on November 6, 2018 to Ms. Swanson in which he asked for clarity regarding his denied FMLA request. Deny remaining allegations in subparagraph (r).

s.  Deny subparagraph (s).

t.  Admit Ms. Swanson sent an email dated November 9, 2019 to Plaintiff that stated 10 days of unpaid leave were allowed under Village policy and that additional unpaid leave would require Village Board approval. Deny remaining allegations in subparagraph (t).

u.  Admit the Village does not award holiday pay if unpaid time is taken on either side of a paid holiday. Deny remaining allegations in subparagraph (u).

v.  Admit Plaintiff would need to pay monthly employee share of premiums for employee benefits while taking unpaid leave if he did not qualify for FMLA or utilize other paid leave. Deny remaining allegations in subparagraph (v).

w.  Admit Defendants received an additional medical certification and that the Plaintiff's FMLA request was approved on December 3, 2018. Admit FMLA was approved from November 15, 2018 through December 26, 2018. Deny remaining allegations in subparagraph (w).

x.  Deny subparagraph (x). Defendants assert they received a Health Care Provider Certification form dated December 17, 2018, but Plaintiff did not submit an FMLA request until December 26, 2018.

y.  Deny subparagraph (y). Defendants assert they did not deny Plaintiff's FMLA request on January 4, 2019.

z.  Deny subparagraph (z).

5

aa. Admit Defendants stated in the January 4, 2019 letter that they would contact Plaintiff's medical provider for additional information. Deny remaining allegations in subparagraph (aa).

bb. Admit Plaintiff was evaluated by Dr. Childs on January 25, 2019 and the Defendants received a copy of his report on February 27, 2019. Deny remaining allegations in subparagraph (bb).

cc. Admit Defendants approved Plaintiff's FMLA request on March 25, 2019. Deny remaining allegations contained in subparagraph (cc).

dd. Deny subparagraph (dd).

ee. Admit Defendants met with Plaintiff on January 7, 2019 and took control of his service pistol and keys to the department. Admit a letter dated January 7, 2019 signed by Chief Eric J. Dunning was given to Plaintiff outlining Defendants position. Deny remaining allegations in subparagraph (ee).

ff. Deny subparagraph (ff).

gg. Deny subparagraph (gg).

hh. Admit Defendants signed a settlement agreement on February 28, 2019 to pay Plaintiff for benefits from November 3, 2018 to November 17, 2018. Deny remaining allegations in subparagraph (hh).

28. Deny paragraph 28.

29. Defendants reincorporate as if fully set forth all admissions and denials of paragraphs 1-28 of this Answer.

30. Admit Plaintiff disagreed with Defendants' decisions throughout this process and that Plaintiff filed an FMLA complaint with the U.S. Department of Labor. Deny remaining allegations contained in paragraph 30.

6

31. Deny paragraph 31. Defendants' responses to paragraph 31 subparts are as follows:

   a. Deny subparagraph (a).

   b. Deny subparagraph (b).

   c. Admit on October 14, 2018 Chief Eric Dunning emailed Plaintiff after seeing him at a volunteer Public Safety event. Admit the October 14, 2018 email indicated that Plaintiff was "not to participate in off duty Public Safety activities such as training, public education, and public relations events" while he was out on leave. Deny remaining allegations contained in subparagraph (c).

   d. Admit on October 14, 2018 Chief Eric Dunning emailed Plaintiff after seeing him at a volunteer Public Safety event. Admit the October 14, 2018 email indicated that Plaintiff was "not to participate in off duty Public Safety activities such as training, public education, and public relations events" while he was out on leave. Deny remaining allegations contained in subparagraph (d).

   e. Admit that Dr. Meves called Ms. Swanson unsolicited on October 22, 2018. Deny remaining allegations in subparagraph (e).

   f. Admit Ms. Swanson sent an email dated November 9, 2019 to Plaintiff that stated 10 days of unpaid leave were allowed under Village policy and that additional unpaid leave would require Village Board approval. Deny remaining allegations in subparagraph (f).

   g. Admit Ms. Swanson sent an email dated November 9, 2019 to Plaintiff informing him that if he has unpaid time on either side of a holiday, there is no holiday pay and that, if that would be the case for the Plaintiff, adjustments would be made concerning paid holidays. Deny remaining allegations in subparagraph (g).

h. Admit Ms. Swanson sent an email dated November 9, 2019 to Plaintiff informing him that he would need to pay the employee share of his employee benefits while being on unpaid leave. Deny remaining allegations in subparagraph (h).

i. Deny subparagraph (i).

j. Admit Defendants met with Plaintiff on January 7, 2019 and took control of his service pistol and keys to the department. Admit a letter dated January 7, 2019 signed by Chief Eric J. Dunning was given to Plaintiff outlining Defendants position. Deny remaining allegations in subparagraph (j).

k. Admit Plaintiff was evaluated by Dr. Childs on January 25, 2019 and the Defendants received a copy of his report on February 27, 2019. Deny remaining allegations in subparagraph (k).

l. Deny subparagraph (l).

m. Deny subparagraph (m).

n. Admit the Defendants sent a letter dated March 25, 2018 to Plaintiff and that the Defendants knew the Plaintiff was on vacation. Defendants assert that Plaintiff was well aware of the FMLA deadlines before he left for vacation through communication between Ms. Swanson and Plaintiff. Deny the allegation that an arbitrary demand was purposely made while the Plaintiff was on vacation. Defendants assert the Plaintiff's FMLA leave was exhausted on March 24, 2019 and the Plaintiff had not provided a definitive return to work date. Defendants lack information or knowledge sufficient to form a belief as to the remaining allegations in subparagraph (n) and, therefore, deny the same.

o. Admit Ms. Swanson asked for additional information regarding Plaintiff's request in a letter dated March 29, 2019. Admit Plaintiff's healthcare provider sent

8

correspondence to the Village on April 2, 2019. Defendants lack information or knowledge sufficient to form a belief as the truth of the remaining allegations in subparagraph (o) and, therefore, deny the same.

p. Admit Village Attorney sent an email to Plaintiff on April 3, 2019 regarding Plaintiff's termination. Admit in the April 3, 2019 email an offer was extended for Plaintiff to resign instead of being terminated and that part of that offer included extending health insurance for three months and waiver of claims. Deny remaining allegations in subparagraph (p).

q. Admit Plaintiff's counsel contacted the Village Attorney via telephone on or about April 5, 2019 to discuss allowing 21 days for Plaintiff to consider his position. Defendants lack information or knowledge sufficient to form a belief as to the remaining allegations in subparagraph (q) and, therefore, deny the same.

r. Admit Defendants sent a termination letter dated April 25th to the Plaintiff. Deny remaining allegations in subparagraph (r).

s. Deny subparagraph (s).

32. Deny paragraph 32.

## ADA CLAIMS

33. Admit paragraph 33.

34. Admit paragraph 34.

35. Defendants reincorporate as if fully set forth all admissions and denials of paragraphs 1-34 of this Answer.

36. Admit Plaintiff disagreed with Defendants decisions and actions regarding this matter. Deny remaining allegations in paragraph 36.

37. Deny paragraph 37.

9

a. Deny subparagraph (a).

b. Deny subparagraph (b).

c. Admit on October 14, 2018 Chief Eric Dunning emailed Plaintiff after seeing him at a volunteer Public Safety event. Admit the October 14, 2018 email indicated that Plaintiff was "not to participate in off duty Public Safety activities such as training, public education, and public relations events" while he was out on leave. Deny remaining allegations contained in subparagraph (c).

d. Admit on October 14, 2018 Chief Eric Dunning emailed Plaintiff after seeing him at a volunteer Public Safety event. Admit the October 14, 2018 email indicated that Plaintiff was "not to participate in off duty Public Safety activities such as training, public education, and public relations events" while he was out on leave. Deny remaining allegations contained in subparagraph (d).

e. Admit that Dr. Meves called Ms. Swanson unsolicited on October 22, 2018. Deny remaining allegations in subparagraph (e).

f. Admit Ms. Swanson sent an email dated November 9, 2019 to Plaintiff that stated 10 days of unpaid leave were allowed under Village policy and that additional unpaid leave would require Village Board approval. Deny remaining allegations in subparagraph (f).

g. Admit Ms. Swanson sent an email dated November 9, 2019 to Plaintiff informing him that if he has unpaid time on either side of a holiday, there is no holiday pay and that, if that would be the case for the Plaintiff, adjustments would be made concerning paid holidays. Deny remaining allegations in subparagraph (g).

10

h. Admit Ms. Swanson sent an email dated November 9, 2019 to Plaintiff informing him that he would need to pay the employee share of his employee benefits while being on unpaid leave. Deny remaining allegations in subparagraph (h).

i. Deny subparagraph (i).

j. Admit Defendants met with Plaintiff on January 7, 2019 and took control of his service pistol and keys to the department. Admit a letter dated January 7, 2019 signed by Chief Eric J. Dunning was given to Plaintiff outlining Defendants position. Deny remaining allegations in subparagraph (j).

k. Admit Plaintiff was evaluated by Dr. Childs on January 25, 2019 and the Defendants received a copy of his report on February 27, 2019. Deny remaining allegations in subparagraph (k).

l. Deny subparagraph (l).

m. Deny subparagraph (m).

n. Admit the Defendants sent a letter dated March 25, 2018 to Plaintiff and that the Defendants knew the Plaintiff was on vacation. Defendants assert that Plaintiff was well aware of the FMLA deadlines before he left for vacation through communication between Ms. Swanson and Plaintiff. Deny the allegation that an arbitrary demand was purposely made while the Plaintiff was on vacation. Defendants assert the Plaintiff's FMLA leave was exhausted on March 24, 2019 and the Plaintiff had not provided a definitive return to work date. Defendants lack information or knowledge sufficient to form a belief as to the remaining allegations in subparagraph (n) and, therefore, deny the same.

o. Admit Ms. Swanson asked for additional information regarding Plaintiff's request in a letter dated March 29, 2019. Admit Plaintiff's healthcare provider sent

correspondence to the Village on April 2, 2019. Defendants lack information or knowledge sufficient to form a belief as the truth of the remaining allegations in subparagraph (o) and, therefore, deny the same.

p. Admit Village Attorney sent an email to Plaintiff on April 3, 2019 regarding Plaintiff's termination. Admit in the April 3, 2019 email an offer was extended for Plaintiff to resign instead of being terminated and that part of that offer included extending health insurance for three months and waiver of claims. Deny remaining allegations in subparagraph (p).

q. Admit Plaintiff's counsel contacted the Village Attorney via telephone on or about April 5, 2019 to discuss allowing 21 days for Plaintiff to consider his position. Defendants lack information or knowledge sufficient to form a belief as to the remaining allegations in subparagraph (q) and, therefore, deny the same.

r. Admit Defendants sent a termination letter dated April 25th to the Plaintiff. Deny remaining allegations in subparagraph (r).

s. Deny subparagraph (s).

38. Deny paragraph 38.

39. Defendants reincorporate as if fully set forth all admissions and denials of paragraphs 1-38 of this Answer.

40. Deny paragraph 40.

41. Deny paragraph 41.

42. Deny paragraph 42

43. Deny paragraph 43.

44. Deny paragraph 44.

45. Deny paragraph 45.

12

46.    Deny paragraph 46.

47.    Deny paragraph 47.

48.    Deny paragraph 48.

49.    Deny paragraph 49.

## CIVIL RIGHTS ACT OF 1871, § 1983 CLAIMS

50.    Defendants reincorporate as if fully set forth all admissions and denials of paragraphs 1-49 of this Answer.

51.    Admit paragraph 51.

52.    Defendants lack information or knowledge sufficient to form a belief as to the allegations in paragraph 52 and, therefore, deny the same.

53.    Admit Ms. Swanson has a law degree. Defendants deny the remaining allegations in paragraph 53.

54.    Deny paragraph 54.

55.    Deny paragraph 55.

56.    Deny paragraph 56.

57.    Deny paragraph 57.

## DEFAMATION AND SLANDER CLAIMS

58.    Defendants reincorporate as if fully set forth all admissions and denials of paragraphs 1-57 of this Answer.

59.    Admit Dr. Meves called Ms. Swanson unsolicited on or about October 22, 2018. Admit Ms. Swanson mentioned a prior OWI of Plaintiff and police investigation. Deny remaining allegations in paragraph 59.

60.    Deny paragraph 60.

61.    Deny paragraph 61.

62.     Deny paragraph 62.

**AS FOR AFFIRMATIVE DEFENSES** to the Plaintiff's Complaint, the Defendants allege and show the Court as follows:

1.     Subject to a reasonable opportunity for investigation and discovery, some or all of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     Subject to a reasonable opportunity for investigation and discovery, some or all of Plaintiff's allegations lack a reasonable basis in fact and/or in law.

3.     Subject to a reasonable opportunity for investigation and discovery, the Court may lack jurisdiction over the claims contained within the Plaintiff's Complaint.

4.     The Defendants are, upon information and belief, entitled to immunity pursuant to Wis. Stat. § 893.80.

5.     The Plaintiff failed to follow the procedures set forth in Wis. Stat. § 893.80(1d) as no notice of circumstances and/or notice of claim was served upon the Village in this matter.

6.     Any alleged actions and/or inactions of the Defendants were made in good faith and, therefore, the Defendants are immune from suit.

7.     Subject to a reasonable opportunity for investigation and discovery, injuries and damages sustained by Plaintiff, if any, were caused in whole or in part by the acts and/or omissions of the Plaintiff.

8.     Subject to a reasonable opportunity for investigation and discovery, injuries and damages sustained by Plaintiff, if any, were caused in whole or in part by the acts and/or omissions of entities or individuals other than the Defendants.

9.     Subject to a reasonable opportunity for investigation and discovery, Plaintiff's Complaint is barred by the Doctrine of Waiver and/or Estoppel and/or Laches and/or Unclean Hands.

10.     Subject to a reasonable opportunity for investigation and discovery, Plaintiff has failed to mitigate his damages, if any.

11.     At all times relevant to this lawsuit, Defendants acted in good faith with regard to Plaintiff.

12.     Any statements made by Defendants which purportedly impacted Plaintiff's reputation were made without malicious intent and in good faith.

13.     Subject to a reasonable opportunity for investigation and discovery, statements made by defendants pertaining to Plaintiff as alleged in the Complaint, if any, were true.

14.     Subject to a reasonable opportunity for investigation and discovery, statements made by Defendants pertaining to Plaintiff as alleged in the Complaint, if any, were privileged and, therefore, may not be the basis for any claim contained in the Complaint.

15.     Subject to a reasonable opportunity for investigation and discovery, statements made by Defendants pertaining to Plaintiff as alleged in the Complaint, if any, were opinion and may not be the basis for any claim contained in the Complaint.

16.     Subject to a reasonable opportunity for investigation and discovery, statements made by Defendants pertaining to Plaintiff as alleged in the Complaint, if any, were fair comments on a matter of public interest made by a public entity and may not be the basis for any claim contained in the Complaint.

17.     Subject to a reasonable opportunity for investigation and discovery, some or all of Plaintiff's claims are barred by issue and/or claim preclusion.

18.     Subject to a reasonable opportunity for investigation and discovery, some or all of Plaintiff's claims may be barred by applicable statute of limitations.

19.     Subject to a reasonable opportunity for investigation and discovery, Plaintiff may have failed to exhaust all administrative remedies.

15

WHEREFORE, Defendants respectfully request judgment as follows:

A.      For dismissal of Plaintiff's Complaint upon its merits.

B.      For costs and disbursements of this action.

C.      For such other equitable relief as this Court deems just and equitable.

Dated 6th day of March, 2020.

TOWN COUNSEL LAW & LITIGATION, LLC
*Attorneys for Defendants*

Electronically Signed By:
Adam V. Marshall
By: _____
Adam V. Marshall, SBN: 1103374
Ashley C. Lehocky, SBN: 1090795
119 N. McCarthy Road, Suite C
Appleton, WI 54913
Telephone:  (920) 725-1233
Facsimile:   (920) 202-3116
Email: amarshall@towncounsellaw.com
       alehocky@towncounsellaw.com