| | |
|---|---|
| **SCOTT SCHERMITZLER,** Plaintiff(s), | |
| v. | **MOTION HEARING** Case No. 20-CV-236 |
| **ALLISON SWANSON, et al.,** Defendant(s). | |

HONORABLE WILLIAM C. GRIESBACH presiding  
Proceeding Held: June 21, 2021  
Deputy Clerk: Lori

Time Called: 10:03 am  
Time Concluded: 11:36 am  
Tape: 062121

**Appearances:**

Plaintiff(s): Ross Townsend  
Scott Schermitzler

Defendant(s): Adam Marshall  
Anthony Wachewicz

*(Note: the electronic recording froze and failed to record from 10:03 to 10:06 am. The case was called for record as stated above, appearances were noted as above, and the Court summarized the issues briefly for today's motion hearing.)*

RE: Plaintiff's [20] Motion for Partial Summary Judgment and Defendants' [25] Motion for Summary Judgment.

10:06 am: The Court finishes summary of issues for today's hearing. The Court inquires if vacation time would have been paid at a different rate than sick leave.
Mr. Townsend responds the wage loss is due to Village pay outs for departing safety officers for benefits (vacation, comp, sick). Plaintiff was not eligible for pay out of sick time but was eligible for pay out of his vacation and comp time when he left in 2019.
The Court understands this amount to roughly $8,000.00 out of pocket due to comp/vacation time used rather than being able to obtain sick leave benefits.
The Court inquires if he was eligible for sick leave benefits.
Mr. Townsend responds only if retiring and confirms damage amount at $8,000.00.
The Court inquires as to damages claimed under Counts one and two.
The Court inquires as to FMLA retaliation claim and basis for claim.
10:11 am: Mr. Townsend responds, addresses wrongful termination.
The Court addresses there was no dispute that he was not ready to function as a public service officer.
Mr. Townsend responds that is correct. Counsel addresses other positions that were available and the Village policy as to light duty.
Mr. Townsend says the FMLA, retaliation and discrimination claims include the fact the Village and Ms. Swanson treated plaintiff differently because he exercised FMLA rights.
There is an arbitration issue before Judge Hock in Brown County Circuit Court.

10:14 am: Mr. Townsend finds the facts are consistent with both the FMLA/retaliation claim and the ADA claim.
The Court addresses Counts 4,5 and 6 (ADA claims) and inquires if there is a factual dispute as to disability within the meaning of the ADA.
Mr. Townsend responds there is not and refers to Amended Complaint (paragraphs 34 and 35), in support of the alleged and admitted by defendant in response to motion (paragraph 6).
10:16 am: Mr. Marshall agrees that is not in dispute.
The Court addresses broader range of damages.
Mr. Townsend responds as to lost wages. ($250,000 - $500,00).
The Court addresses comprehensive claim.
Mr. Townsend responds as to independent constitutional rights surviving under 1983 claim.
Counsel addresses no caps on the damages on 1983 claim, but it covers the same behaviors.
Equal protection claim addressed.
10:22 am: Class on one theory addressed (animus element).
The Court inquires as to defamation and slander claims made to physician by Ms. Swanson.
Mr. Townsend responds, not plaintiff's strongest claim, but it is the physician's statement.
No decision has been entered in the case before Judge Hock and a conference is scheduled for later this month.
The parties discuss past practices of the Village.
The Court inquires why the matter is before Judge Hock if a decision was rendered by Arbitrator.
Counsel states the members in that case were part of a collective bargaining unit and plaintiff is not a member of that unit.

10:28 am: The Court discusses prior Seventh Circuit opinion, certification/recertification, second opinion, etc.
10:33 am: Mr. Marshall responds, addresses mindset and what the employer was looking at in this incident.
The Village wanted more information to clarify the certification.
Mr. Marshall states the handwritten notes of Dr. Meves were less than helpful.
The Village requested more information as specified in the letter.
The physician called Ms. Swanson to provide answers.
Counsel believes the letter was proper and any violation does not result in damages as being sought here.

10:37 am: The Court addresses the claim that plaintiff was unable to work due to emotional and mental health impairment certified by a doctor, and that if the FMLA leave was granted he would not have lost $8000 considering his banked sick leave. The Court inquires as to what more is required when it is stated he is incapable of performing the job function of public safety officer with certification that he was to be off until the end of the year.
10:39 am: Mr. Marshall addresses the physician visit, no medications prescribed, recommendation he go through the employee assistance program, nothing indicated as to further follow up, drugs or treatment regimen.
The Court inquires as to any additional requirements other than certification.
Mr. Marshall responds.
The Court addresses there is no requirement the doctor has look at job requirements.
The Court addresses the statute creates a clear statement to employers that when an employee's doctor says there is an illness that impairs him from working, he is entitled to that.
The Court goes off the record at 10:44 am briefly.
10:45: 25 am: The Court is back on the record.
The Court addresses 29 U.S.C § 2913.
The Court addresses Dr.Meves' certification and inquires as to why defendant feels this is insufficient.
Mr. Marshall states it would fall into a subcategory for additional medical facts relating to a serious medical health condition and did the healthcare provider actually provide that information to the village? The Village believes the initial certification and follow up communications show contradicting opinions and the request was properly denied because of that.
10:50 am: Court inquires as to FMLA retaliation claim.

Mr. Marshall responds and feels the question needs to be separated between the two providers (Dr. Meves and Erica Mangin, Nurse Practitioner). Dr. Meves provided that possibly could do something else and said he could pick and choose when he could work as a public safety officer. The initial certification said fully incapacitated. Towards the of end of employment (Erica Mangin) provided information after second round of FMLA ended as to what job duties he could or could not perform. It said he could not perform, oversee and assist other officers as needed on emergency (refers to Exhibit No. 37).
*(The Court addresses the parties using exhibit numbers used in depositions and proper electronic filing procedures.)*
The Judge refers to document no. 35 of Docket No. [40-7], Nurse practitioners' certification on 12/17/2018.
Mr. Marshall addresses a 3/27/2019 letter sent to the Village stating she believed he could go back to work, not in capacity as a police officer, but in a different capacity,
The Village sent job description over and asked what duties he could not complete due to his condition.
The nurse practitioner stated there were 6 paragraphs of the job description that he would not be able to complete. (Deposition Exhibit 76.5 attached to an Affidavit). (Note: time spent attempting to locate specific exhibits due to numbers correlating with deposition exhibits.)
Mr. Townsend refers to Docket No. 46-8, page 117.
Mr. Marshall refers to: To Whom it Concerns Letter dated 4/2/2019, 3 lines down discusses what duties and responsibilities plaintiff is unable to perform. Counsel addresses the responsibilities listed show that he does not have the ability to perform the duties of a public safety officer. (Refers to Deposition Exhibit 37)
11:04 am: (Time taken to attempt to locate job descriptions)
11:08 am: Court instructs counsel to provide CMECF docket number and page number of documents addressed above.
Mr. Marshall further addresses inability to provide public safety officer duties and that under FMLA there is no obligation to automatically transfer someone into another position.
The Court inquires as to why plaintiff was not considered for another position.
Mr. Marshall says there was no obligation to do so.
11:10 am: Counsel addresses FMLA and retaliation arguments, animus, other positions available, plaintiff was in settlement negotiations, etc.
11:14 am: Counsel addresses 1983 claim and additional 14th Amendment claim made on response brief (not in initial complaint). Mr. Marshal makes additional points on defamation and slander as to hearsay testimony, Dr. Meves dictated notes, etc. Mr. Marshal addresses the wage payment claim. Counsel states he is counsel of record in the arbitration claim before Judge Hock and that case is still pending. Counsel states this case is dealing with substantially the same issue, the difference in pay rate.
Counsel addresses the Village's position, established in their briefs that negotiations back 2012 changed rates on accumulation of various benefits including sick leave and closed a loophole where day officers would be able to transfer into a line shift for one day. Calculations were done using two different rates. From the Village's position, when looking from 2012 to 2019, and it only looks at a specific subset of employees. There were only 3 officers who retired in those 7 years that should have been calculated at a higher rate.
11:21 am: Mr. Townsend argues that as to ambiguity in medical evidence, the conflicts between doctors, inconsistency on phone calls should have been addressed by FMLA rules. It is beyond dispute that defendants had medical evidence that employee met each of the tree elements that he had a serious condition. Counsel addresses light duty argument should have been provided under ADA. Counsel argues it is not the employee's responsibility to say what he is capable of doing. Counsel argues the Village did not engage in an interactive process as required by ADA. Counsel argues jobs were available and not offered. Mr. Townsend references the Seventh Circuit case, *Doe v. Smith.* Mr. Townsend states the pay rate claim is complicated and feels it would take up half day at trial.
11:29 am: Mr. Marshall responds as to light duty. Counsel argues the only evidence in the record as to light duty comes from Plaintiff's Affidavit. Counsel addresses workers comp light duty and that this is not a worker's comp case. Mr. Marshall argues engaging in the interactive process is clearly disputed by the record before the Court as evidenced by emails, etc. Counsel reiterates there was no notice of anything that plaintiff could do as to job functions and if he was qualified for such functions.

The case is currently scheduled for trial on August 9th, 2021. There are multiple trials on the calendar that day that could bump this case. Mr. Marshall is not opposed to rescheduling today if necessary. The Court will leave it scheduled as is. If it looks like this will need to be rescheduled the Court will put the matter back on the calendar for rescheduling.